

National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104-3102

215-590-9500 phone
www.nbme.org

**Confidential**

August 17, 2018


**Via Electronic Mail to cparke8@emory.edu**
Cecily M. Parker
1126 Clifton Rd NE
Atlanta, GA 30307

RE: USMLE Step 1                                    USMLE ID#: 5-404-582-8

Dear Ms. Parker:

We have thoroughly reviewed your request for reconsideration of our decision regarding test accommodations for the United States Medical Licensing Examination (USMLE) Step 1. We conducted an individualized review of your request and supporting documentation in accordance with the guidelines set forth in the Americans with Disabilities Act (ADA).

The NBME carefully considers all evidence in determining whether an individual is substantially limited within the meaning of the ADA and what, if any, accommodations are appropriate to the particular Step exam context. Submitted documentation including the individual's personal statements; letters from evaluators and advocates; and objective information such as school records and scores obtained on high stakes tests taken with and without accommodations are thoroughly reviewed.

Supporting documentation submitted from qualified professionals is a necessary part of any request for accommodations and is carefully reviewed by the NBME. Though not required to defer to the conclusions or recommendations of an applicant's supporting professional, we carefully consider the recommendation of qualified professionals made in accordance with generally accepted diagnostic criteria and supported by reasonable documentation.

You and your evaluator report that you are limited in processing speed, working memory, reading rate, word fluency, reading comprehension, executive functioning, and concentration/attention. Dr. Muskat is selective in the scores she cites, including scores that are based on comparisons to groups other than the general population (e.g., college seniors); from artificial tasks (of e.g., processing speed) with negligible relevance to Step 1 of the USMLE; in the average range; and inconsistent in the context of much higher performances on real-world tasks.  For example, on the *Nelson-Denny Reading Test (NDRT)* taken under standard time, your reading comprehension scale score is Average range, better than 33 percent of a national sample of college seniors. Your Reading Comprehension scale score of 225 is Above Average range compared to the pooled standardization sample where the mean is 200 and the standard deviation is 25.

Past standardized exam performance is very relevant in determining whether an individual's academic skills are substantially limited relative to those of other people. All of your scores on the SAT, ACT, and MCAT, including those on reading intensive sections, were in the average range or above. Your history of unimpaired performances on timed standardized tests taken without accommodations is strong evidence against a need for accommodations to access tests, compared to most people in the general population.

Accommodations are intended to provide access to the USMLE testing program for individuals with a documented disability as defined by the ADA. The documentation you have provided to date does not demonstrate that standard testing time is a barrier to your access to the USMLE.

The supplemental documentation provided in support of your request for reconsideration offered no new substantive information or evidence that alters our decision communicated in our February 12, 2018 letter at which time you were granted additional break time and a separate testing room as a courtesy for your upcoming Step 1 examination.

Sincerely,

Catherine Farmer, Psy.D.
Director, Disability Services
ADA Compliance Officer, Testing Programs

C: Charles Weiner, Esq. via e-mail to charles@charlesweinerlaw.com