UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CECILY PARKER,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **NATIONAL BOARD OF** ) <br> **MEDICAL EXAMINERS,** ) <br> ) <br> Defendant. ) | **Civil Action File No.** <br> **1:19-cv-04657-AT** |

## MOTION TO CONTINUE PRELIMINARY INJUNCTION HEARING

COMES NOW Defendant National Board of Medical Examiners ("NBME") and respectfully requests a continuance of the evidentiary hearing scheduled for December 17, 2019 at 2:30 p.m. on Plaintiff's Motion for Preliminary Injunction (the "Motion") (Dkt. 4) to a date no earlier than January 20, 2020.

### INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiff filed the Motion on October 22, a few days after filing her complaint in this action. NBME's response to the complaint is due November 26, 2019, and its response to the Motion is due December 9, 2019.

On November 18, 2019, this Court scheduled an evidentiary hearing on the Motion for December 17, 2019 – just over one week after the deadline for NBME's response brief. NBME respectfully requests a short continuance of the evidentiary

hearing through January 20, 2020 to accommodate pre-existing scheduling conflicts of primary counsel, to provide time for the parties to explore whether this dispute can be resolved amicably, and to allow NBME time to prepare for the hearing. Such a continuance is necessary to reduce the prejudice to NBME of holding an expedited preliminary injunction hearing in which the relief requested is the very relief that Plaintiff could otherwise obtain only if she prevailed on the merits.

Defense counsel conferred in good faith with Plaintiff's counsel regarding a consent motion to reset the hearing, but Plaintiff's counsel has indicated their intent to oppose any continuance.  The reason for this is unclear, as a continuance would not prejudice Plaintiff.  Plaintiff has alleged that she has until the end of February 2020 to take the United States Medical Licensing Examination ("USMLE") that is the subject of this dispute.  She should be able to meet that alleged deadline so long as she obtains a ruling from the Court by February 14, 2020.

NBME also notes that the alleged urgency is of Plaintiff's own making.  She waited over one year to file the instant lawsuit after learning that NBME had denied her request for testing accommodations for the USMLE Step 1 examination.  Against that background, she cannot reasonably oppose NBME's request for a small amount of additional time to prepare its defense – particularly given that Plaintiff apparently has through the end of February 2020 to take the examination. Therefore, as set forth below, a short continuance is appropriate here.

## ARGUMENT AND CITATION TO AUTHORITY

**a.      NBME Requires A Short Continuance to Prepare Its Defense.**

A short continuance to reduce the prejudice to NBME is within the discretion of this Court. Primary counsel for NBME has out-of-town commitments the first week of December 2019 as well as December 11-13, 2019. These scheduling conflicts existed prior to the Court's November 18, 2019 notice setting the December 17, 2019 evidentiary hearing date. Defense counsel requires time to review Plaintiff's allegations and supporting papers, confer with its client, identify potential witnesses, and review and develop affidavits and documentary evidence. Counsel's pre-existing commitments (combined with the upcoming Thanksgiving holiday) have whittled down any time remaining between now and December 17, 2019 in which to prepare. This prejudices NBME in its ability to oppose Plaintiff's Motion. Therefore, a short continuance is warranted. See, e.g., Centennial Bank v. ServisFirst Bank Inc., No. 8:16-CV-88-T-36JSS, 2016 WL 7366945, at *3 (M.D. Fla. Mar. 15, 2016) (granting motion to reschedule preliminary injunction hearing due to conflicts of counsel and unavailability of witnesses).

**b.      A Short Continuance Would Not Prejudice Plaintiff.**

Plaintiff's own allegations establish that her stated need for "emergency" relief is self-induced. She cannot demonstrate that a short continuance through January 2020 would prejudice her given her own delay in seeking judicial relief.

Plaintiff alleges in her Corrected Brief in Support of a Preliminary Injunction that she requested testing accommodations from NBME based on her purported disabilities on December 14, 2017. (Dkt. 9 at p. 9). NBME rejected her requested accommodations on February 12, 2018 but offered certain alternative testing arrangements as a courtesy. (Id. at p. 10-11.) Plaintiff alleges that she provided additional information in support of a request for reconsideration of this decision on June 1, 2018, which was denied August 17, 2018.  (Id. at p. 11.)  Plaintiff waited **more than one year** to file the instant lawsuit after receiving this denial of her accommodation request.

Plaintiff alleges that her medical school, Emory University, has granted her permission to delay her USMLE Step 1 examination until the completion of her third-year clinical rotations in February or March of 2020 (Dkt. 1 ¶ 26), and "has imposed a deadline of February 2020 for Parker to take and pass the examination." (Dkt. 9 at p. 20).  NBME understands this to mean that Plaintiff must test by the end of February 2020.  A January 2020 hearing would therefore allow a decision to be issued in advance of Plaintiff's testing deadline.  And indeed, Plaintiff alleges that she has been issued a scheduling permit to take the USMLE Step 1 examination between February 1 and April 30, 2020.  (Dkt. 1 ¶ 38). Plaintiff cannot justifiably oppose a short continuance that would cause her no harm while allowing NBME to

better prepare its defense, where the timing quandary was created by her waiting over a year to file this lawsuit.

### c. A Short Continuance Would Provide Time for the Parties to Explore a Possible Amicable Resolution of this Dispute.

Finally, a short continuance would have the added benefit of allowing the parties to engage in discussions regarding a possible amicable resolution of this lawsuit, potentially freeing judicial resources and avoiding unnecessary expense in hearing preparations. Courts in this Circuit have recognized allowing time for such discussions as an appropriate justification for continuances in the preliminary injunction context. See, e.g., World of Beer Franchising, Inc. v. MWB Dev. I, LLC, No. 8:17-CV-1171-T-35MAP, 2017 WL 4297325, at *1 (M.D. Fla. June 21, 2017), aff'd, 711 F. App'x 561 (11th Cir. 2017) (exercising discretion to continue preliminary injunction hearing for the sake of judicial economy to allow parties to comply with contractual obligation to mediate); Xtreme Heaters, Inc. v. Boat Safe, Inc., No. 1:09-CV-03129-JOF, 2010 WL 11549701, at *1 (N.D. Ga. Sept. 15, 2010) (granting joint motion to reschedule preliminary injunction hearing to allow parties to engage in voluntary settlement discussions).

## CONCLUSION

For the reasons set forth above, NBME respectfully requests that the Court grant a continuance of the evidentiary hearing scheduled for December 17, 2019 at

2:30 p.m. on Plaintiff's Motion for Preliminary Injunction to a date no earlier than January 20, 2020. A proposed order is attached hereto for the Court's convenience.

Respectfully submitted this 25th day of November, 2019.

*s/ Emily E. Schifter*
Ashley Z. Hager
Georgia Bar No. 784505
Emily E. Schifter
Georgia Bar No. 767888

TROUTMAN SANDERS LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA  30308-2216
Telephone: 404.885.3741
Facsimile:  404.885.3900
ashley.hager@troutman.com
emily.schifter@troutman.com

Robert A. Burgoyne
PERKINS COIE LLP
District of Columbia Bar No. 366757
*Pro Hac Vice Motion To Be Filed*

700 13th Street, NW, Suite 600
Washington, DC 20005-3960
Telephone: 202.654.1744
Facsimile:  404.885.3900
rburgoyne@perkinscoie.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing **MOTION TO CONTINUE PRELIMINARY INJUNCTION HEARING** with the Clerk of Court by using the CM/ECF system which will transmit a notice of electronic filing to Plaintiff's attorneys of record, Andrew Yancey Coffman and Joseph Matthew Maguire, Jr. I further certify that this document was prepared with Times New Roman 14-point font pursuant to Northern District of Georgia Local Rules 7.1 and 5.1C.

This 25th day of November, 2019.

*s/ Emily E. Schifter*
Georgia Bar No. 767888
Counsel for Defendant