UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CECILY PARKER,<br><br>   Plaintiff,<br><br>v.<br><br>NATIONAL BOARD OF<br>MEDICAL EXAMINERS,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>) **Civil Action File No.**<br>) **1:19-cv-04657-AT**<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendant National Board of Medical Examiners ("NBME"), by and through its attorneys, hereby answers Plaintiff's Complaint.

### RESPONSES TO ENUMERATED ALLEGATIONS

NBME responds to the separately numbered Paragraphs of Plaintiff's Complaint as follows:

### INTRODUCTION

1. In response to the first sentence of paragraph 1, NBME admits that Plaintiff Cecily Parker ("Plaintiff") brings this action for emergency preliminary and permanent injunctive relief and for attorneys' fees and costs but denies that Plaintiff is entitled to such relief or any relief in this action, denies that Plaintiff is entitled to accommodations and denies that NBME has violated the Americans

with Disabilities Act ("ADA").  NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 1 and therefore denies them.  NBME denies the allegations in the third and fourth sentences of paragraph 1.  In response to the fifth sentence of paragraph 1, NBME admits that Plaintiff purports to seek a preliminary and permanent injunction through this action and denies the remaining allegations in the fifth sentence of paragraph 1.  NBME denies the allegations in the sixth sentence of paragraph 1.

## PARTIES, JURISDICTION, AND VENUE

2. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 2 and therefore denies them.  NBME denies the allegations in the second sentence of paragraph 2.

3. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 3 and therefore denies them.  NBME denies the allegations in the second sentence of paragraph 3.

4. NBME admits the allegations in the first sentence of paragraph 4.  In response to the allegations in the second sentence of paragraph 4, NBME admits that it provides for the administration of the USMLE, with most Steps of the USMLE administered through a third-party vendor and admits that the USMLE is

relied upon by jurisdictions across the United States in making decisions regarding medical licensure. In response to the allegations in the third sentence of paragraph 4, NBME admits on information and belief that the scores on USMLE Step 1 are considered by medical residency training programs during the residency selection process. NBME admits the allegations in the fourth sentence of paragraph 4, and states that it provides for the administration of the USMLE Step 1 through a third-party vendor.

5. In response to the allegations in the first sentence of paragraph 5, NBME admits that the USMLE Step 1 examination is administered in Georgia and in this judicial district. In response to the allegations in the second sentence of paragraph 5, NBME admits that it does not maintain a place of business in Georgia and that it does not have a designated agent for service of process in Georgia. The allegations in the third sentence of paragraph 5 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME states that it is not contesting the validity of service in this case.

## SUBJECT MATTER JURISDICTION AND VENUE

6. The allegations in paragraph 6 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, denies that Plaintiff has been subject to discrimination on the basis of disability in

violation of Title III of the ADA, and denies that 42 U.S.C. § 12188 is a jurisdictional statute.

7. The allegations in paragraph 7 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME denies that venue is proper for the reason alleged but states that it is not contesting venue in this case.

## FACTUAL ALLEGATIONS

8. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies them.

9. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies them.

10. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies them.

11. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies them.

12. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies them.

13. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.

14. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.

15. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies them.

16. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.

17. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.

18. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies them.

19. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them.

20. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies them.

21. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies them.

22. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies them.

23. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies them.

24. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies them.

25. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them.

26. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies them.

27. In response to the first sentence of paragraph 27, NBME admits that it develops the USMLE Step 1 examination, which is administered through a third-party vendor on various dates throughout the United States, including in Atlanta, Georgia. In response to the second sentence of paragraph 27, NBME admits that students' scores on the USMLE Step 1 examination are typically reported to their medical schools.

28. In response to paragraph 28, NBME admits that it provides an application for examinees who seek disability-based testing accommodations on the USMLE Step 1 examination, denies the allegation that "NBME acknowledges the right of disabled persons to accommodations," which is generalized and vague, and denies the remaining allegations in paragraph 28.

29. In response to paragraph 29, NBME admits that Plaintiff received a permit to take the USMLE Step 1 examination between March 1, 2018 and May 31, 2018. NBME is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations in paragraph 29 and therefore denies them.

30. In response to paragraph 30, NBME denies that it received a request for testing accommodations from Plaintiff on December 14, 2017, and states that it received the request on December 26, 2017. NBME admits that Plaintiff requested 100% additional test time (double time) over 2 days, additional break time (100% extra time) and testing in a distraction reduced setting and admits that Plaintiff utilized the application form provided by NBME for this purpose. NBME admits that Plaintiff submitted documentation from Dr. Lori Muskat and the Vanderbilt Psychological and Counseling Center, records pertaining to accommodations from Vanderbilt University, Johns Hopkins University, Agnes Scott College, and Emory University, and a letter from Dr. Gordon G. Churchward. NBME denies the remaining allegations in paragraph 30.

31. In response to paragraph 31, NBME admits that it informed Plaintiff that her request for testing accommodations was denied by letter dated February 12, 2018, and admits that it provided Plaintiff with additional break time and a separate testing room as a courtesy, but denies the characterizations of the language from this letter in paragraph 31 and therefore denies the remaining allegations in paragraph 31.

32. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies them.

33. In response to paragraph 33, NBME admits that Plaintiff submitted a letter from her lawyer to NBME on June 1, 2018, seeking reconsideration of the denial of her testing accommodation request and admits that Plaintiff included a letter from Dr. Muskat in support of this request, but denies the remaining allegations in paragraph 33.

34. NBME admits the allegations in paragraph 34.

35. NBME denies the allegations in paragraph 35.

36. NBME denies the allegations in paragraph 36.

37. NBME denies the allegations in paragraph 37.

38. NBME admits the allegations in paragraph 38.

## COUNT I

39. The allegations in paragraph 39 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that Plaintiff has accurately quoted (but not accurately cited) 42 U.S.C. § 12189 in paragraph 39 and admits that it is subject to this provision with respect to the USMLE Step 1 examination.

40. The allegations in paragraph 40 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that it is

subject to 42 U.S.C. § 12189 with respect to its offering the USMLE Step 1 examination.

41.     The allegations in paragraph 41 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME denies that Plaintiff has accurately quoted from 28 C.F.R. § 36.309(b) and denies the remaining allegations in paragraph 41.

42.     NBME denies the allegations in paragraph 42.

43.     The allegations in paragraph 43 constitute legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that Plaintiff has accurately paraphrased from (but has inaccurately cited) 42 U.S.C. § 12102(1)(A) in the first sentence of paragraph 43 and denies the remaining allegations in paragraph 43.

44.     NBME denies the allegations in paragraph 44.

45.     NBME admits that the USMLE is relied upon by jurisdictions across the United States in making decisions regarding medical licensure and admits on information and belief that the scores on the USMLE Step 1 examination are considered by medical residency training programs during the residency selection process.  NBME denies the remaining allegations in paragraph 45.

46.     NBME admits that Plaintiff requested accommodations for the USMLE Step 1 examination, specifically double time, testing over 2 days, 100%

additional break time, and testing in a distraction reduced setting, admits that double testing time, testing over two days, additional break time, and separate testing rooms are available as accommodations to test takers with documented disabilities who demonstrate a need for these accommodations to access the test, and denies the remaining allegations in paragraph 46.

47. NBME denies the allegations in paragraph 47.

48. NBME denies the allegations in paragraph 48.

49. NBME denies the allegations in paragraph 49.

50. NBME denies the allegations in paragraph 50.

51. NBME denies the allegations in paragraph 51.

52. NBME denies the allegations in paragraph 52.

53. NBME denies the allegations in paragraph 53 and denies that Plaintiff is entitled to the requested relief.

54. NBME denies the allegations in paragraph 54 and denies that Plaintiff is entitled to the requested relief.

The remaining allegations in Plaintiff's complaint constitute a prayer for relief as to which no response is required, but NBME denies that Plaintiff is entitled to the relief requested or to any relief.

**ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED HEREIN ARE DENIED**.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's request for injunctive relief is barred by the doctrine of laches due to her delay in seeking judicial relief after being informed that her request for accommodations had been denied.

NBME presently has insufficient knowledge or information on which to form a belief as to whether it may have any other affirmative defenses available and reserves the right to assert affirmative defenses in the event discovery, further analysis, or future events indicate that additional unknown or unstated defenses are applicable.

WHEREFORE, NBME prays for judgment as follows:

1. That Plaintiff take nothing and be denied all relief requested in her Complaint;

2. That Plaintiff's Complaint be dismissed with prejudice on the merits;

3. That NBME recover its fees and costs incurred herein; and

4. That NBME be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted this 26th day of November, 2019.

*s/ Emily E. Schifter*
Ashley Z. Hager
Georgia Bar No. 784505
Emily E. Schifter
Georgia Bar No. 767888

TROUTMAN SANDERS LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 3000
Atlanta, GA  30308-2216
Telephone: 404.885.3741
Facsimile:  404.885.3900
ashley.hager@troutman.com
emily.schifter@troutman.com

Robert A. Burgoyne
PERKINS COIE LLP
District of Columbia Bar No. 366757
*Pro Hac Vice Motion To Be Filed*

700 13th Street, NW, Suite 600
Washington, DC 20005-3960
Telephone: 202.654.1744
Facsimile:  404.885.3900
rburgoyne@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **ANSWER** with the Clerk of Court by using the CM/ECF system which will transmit a notice of electronic filing to Plaintiff's attorneys of record, Andrew Yancey Coffman and Joseph Matthew Maguire, Jr. I further certify that this document was prepared with Times New Roman 14-point font pursuant to Northern District of Georgia Local Rules 7.1 and 5.1C.

This 26th day of November, 2019.

*s/ Emily E. Schifter*
Georgia Bar No. 767888
Counsel for Defendant